IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRIANGLE FASTENER CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs ) <br> ) <br> CONNECTIVE SYSTEMS AND SUPPLY, INC., ) <br> et al., ) <br> ) <br> Defendants. ) | Civil Action No. 2:24-728 <br> Magistrate Judge Dodge |

## MEMORANDUM OPINION

Plaintiff Triangle Fastener Corp. brings this action against Defendants Connective Systems and Supply, Inc. ("CSSI") and its owners, Aaron Berger and Scott Lovell, alleging claims of breach of contract and fraudulent inducement. The claims arise out of Plaintiff's purchase of certain assets of CSSI.[1]

Presently pending before the Court is a motion filed by Defendants, captioned "Motion to Dismiss And/Or Transfer Case Under Principles of Forum Non Conveniens" (ECF No. 14). For the reasons that follow, the motion will be denied. Plaintiff's request for reasonable attorney's fees and costs will be denied without prejudice.

### A. Relevant Procedural History

Plaintiff filed this action on May 20, 2024. Diversity subject matter jurisdiction, 28 U.S.C. § 1332(a), is asserted, because Plaintiff is a citizen of Pennsylvania, all three Defendants are citizens of Colorado, and the amount in controversy exceeds the sum of $75,000, exclusive of

---

[1] The parties have consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 17, 20.)

interest and costs. (Compl. ¶¶ 1-5.)[2] Plaintiff states that: "Venue in this District is proper pursuant to 28 U.S.C. § 1391 and the Parties have consented to the jurisdiction of this Court." (*Id.* ¶ 6.)

The Complaint alleges Pennsylvania state law claims of breach of an Asset Purchase Agreement (Count I), breach of the Indemnification Clause of the Agreement (Count II) and fraudulent inducement (Count III).

On August 5, 2024, Defendants filed the motion currently under consideration (ECF No. 14), which has been fully briefed (ECF Nos. 18, 19).[3]

### B. Facts Relevant to the Pending Motion

Plaintiff is in the business of supplying the commercial construction industry with standard and specialty fasteners, sealants, and accessories. Defendant CSSI is a building material supplier that serves the construction, manufacturing, and industrial markets. Defendants Berger and Lovell own all of the issued and outstanding capital stock of Defendant CSSI. (Compl. ¶¶ 6-9.)

In early 2023, Plaintiff approached Defendants about the potential purchase and acquisition of certain CSSI business sectors (the "Business"), to round out and expand Plaintiff's current business operations. In March 2023, Plaintiff made Defendants an offer to purchase the Business for a purchase price that remains confidential pursuant to agreements between the Parties. The Parties entered into an Asset Purchase Agreement ("Purchase Agreement"), and subsequently closed the transaction on June 30, 2023. Defendants Berger and Lovell were named

---

[2] ECF No. 1. Plaintiff submitted an errata on May 24, 2024 (ECF No. 5) to correct the Complaint as originally filed because it contained a misspelling of Plaintiff's name on the Complaint and Civil Cover Sheet.
[3] In addition, Plaintiff's response contains a request for sanctions under Rule 11. That issue is discussed below.

in the Purchase Agreement and benefited directly and indirectly from the consummation of the transaction as owners of CSSI. (*Id.* ¶¶ 10-27 & Ex. A.)

Plaintiff alleges that, after several months, it discovered that Defendants had engaged in certain unlawful conduct and breached the Purchase Agreement, among other things, by misrepresenting the amount of specified minimum revenue. Specifically, Defendants wrongly included sales to customers within CSSI's utilities sector, which was specifically excluded in the Purchase Agreement from the purchased Business. Plaintiff alleges that Defendants intentionally and purposefully inflated the sales of the Business in order to meet Plaintiff's minimum revenue requirement. By providing Plaintiff with inaccurate and inflated Reports, Plaintiff asserts, Defendants breached Section 2.4(a)(iii) of the Agreement. (*Id.* ¶¶ 35-47.)

Section 4.2(a) of the Purchase Agreement contains an indemnification provision. Plaintiff alleges Defendants failed to honor this provision even after Plaintiff gave notice of its demand for damages incurred due to Defendants' breaches of the Purchase Agreement. (*Id.* ¶¶ 49-52.)

Further, Section 7.5 of the Purchase Agreement states in relevant part:

> Except as otherwise provided in Section 6.1(e), any Claim seeking to enforce any provision of, or based on any right or claim arising out of or relating to, this Agreement, any of the other Transaction Documents, or the Contemplated Transactions shall be brought by or against any of the Parties solely and exclusively in the courts of the Commonwealth of Pennsylvania sitting in Allegheny County, or, if it has or can acquire jurisdiction, in the United States District Court for the Western District of Pennsylvania, and each of the Parties (a) irrevocably consents to the exclusive jurisdiction of such courts (and of the appropriate appellate courts) in any such Claim, and (b) hereby waives and agrees not to assert, by way of motion, as a defense or otherwise, in any such Claim, (i) that such Party is not subject personally to the jurisdiction of the above-named courts, (ii) that venue in any such court is improper . . . (iv) that any such Claim brought in one of the above-named courts should be dismissed on grounds of improper venue, (v) that such Claim should be transferred or removed to any court other than one of the above-named courts . . and (c) hereby agrees not to commence or prosecute any such Claim other than before one of the above-named courts.

(ECF No. 1 Ex. A § 7.5.)

C. **Standard of Review**

Defendants argue that the "complaint should be dismissed under the doctrine of forum non conveniens because Colorado is an adequate alternative [forum] with a superior interest in this dispute." (ECF No. 14 at 2.) However, as the Supreme Court has held, 28 U.S.C. § 1404(a)[4] is "a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). *See also American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994) ("the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad.") "Thus, when there is another appropriate federal district court forum, the motion for dismissal on forum non conveniens grounds is best treated as a motion to transfer." *Leonard v. Bed, Bath & Beyond, Inc.*, 2015 WL 3440852, at *2 (D.N.J. May 22, 2015) (citation omitted).

Therefore, the Court will apply § 1404(a) to determine if this case should be transferred to the United States District Court for the District of Colorado.[5]

D. **Discussion**

As properly construed, Defendants' motion seeks to transfer this action to Colorado. The basis for this motion is that Defendants are all located in Colorado, as well as the relevant

---

[4] 28 U.S.C. § 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[5] As noted, Defendants' motion refers to "dismissal and/or transfer." The use of "and/or" in this context is inappropriate since it would be impossible to both dismiss and transfer this action. Notably, because Defendants do not challenge venue in this District as improper, the only option available to the Court would be a transfer pursuant to § 1404(a).

4

evidence and witnesses that will be called in this case.

Plaintiff objects to Defendants' motion on three grounds: (1) Defendants failed to meet and confer with Plaintiff prior to filing the motion, in violation of the undersigned's Practices and Procedures; (2) Defendants have ignored the existence of a mandatory forum selection clause in the Purchase Agreement that selects this forum and have not addressed the clause's effect on a transfer of venue analysis; and (3) Defendants can rely on only public factors to justify a transfer, but have only cited private ones.

1. Failure to Meet and Confer

Plaintiff first notes that Defendants filed their motion without seeking to meet and confer. They suggest that "the issue could have likely been resolved had Defendants properly conferred with undersigned counsel prior to the filing of their motion, as required under this Court's Rules and Procedures." (ECF No. 18 at 6.) Moreover, Plaintiff asserts that it "attempted to raise the issue with Defendants prior to this Court's response deadline, requesting they withdraw the motion based on the clear language of the mandatory forum selection clause," but Defendants failed to respond. (*Id.* at 6 & Ex. A.)

Plaintiff correctly notes that the undersigned's Practices and Procedures specifically provide that:

> If a defendant determines that a Rule 12 motion is appropriate, defense counsel first must meet and confer with plaintiff's counsel before filing to determine whether any purported defects with the complaint can be cured. Any motion to dismiss must be accompanied with a certificate stating that the defendant has made good-faith efforts to confer with the plaintiff to determine whether the identified pleading deficiencies properly may be cured by amendment. Rule 12 motions that do not contain the required certification will be stricken.

*Practices & Procedures of Magistrate Judge Patricia L. Dodge* § II(A). Defendants' failure to comply with this provision was compounded by its refusal to respond when Plaintiff raised the

issue or to address this issue when it files a reply brief.[6]

However, because the Court was unaware of Defendants' failure to comply and the matter has been fully briefed, the Court considers it the better practice and consist with judicial economy to rule on the motion rather than strike it. Therefore, the Court turns to the merits of the motion.

2. Section 1404(a) Transfer and Impact of Forum Selection Clauses

Regarding Section 1404(a) transfers and related issues, the Court of Appeals has noted the following:

> Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where the case might have been brought, or to which the parties have consented, for the convenience of the parties and witnesses and in the interest of justice. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).
>
> The § 1404(a) movant bears the burden of persuasion. *Id.* at 879. Factors the court must consider include the three enumerated under the statute—convenience of the parties, convenience of the witnesses, and the interests of justice—along with all other relevant private and public factors, including the plaintiff's choice of forum and the local interest in deciding local controversies close to home. *Atlantic Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 62 n.6, 134 S. Ct. 568, 187 L.Ed.2d 487 (2013) (non-exhaustive list of factors). Courts consider these factors to determine, on balance, whether the litigation would "more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.
>
> In 2013, the Supreme Court held that the traditional balancing test is modified when a forum selection clause applies to a dispute. *Atlantic Marine*, 571 U.S. at 63, 134 S. Ct. 568. In the face of a valid forum selection clause, a district court modifies its analysis in three ways. First, no weight is given to the plaintiff's choice of forum. *Id.* Second, the court does not consider arguments about the parties' private interests. *Id.* at 64, 134 S. Ct. 568. Instead, "a district court may consider arguments about public-interest factors only." *Id.* Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* The Supreme Court recognized that because

---

[6] Moreover, in contravention of the Court's Practices and Procedures, *Id.* § II(B)(3), Defendants did not seek leave of court before filing their reply brief.

6

the public interest factors—the only factors that remain to be balanced—"will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* (citation omitted). "In all but the most unusual cases," the parties will be held to their bargained-for choice of forum. *Id.* at 66, 134 S. Ct. 568.

*In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57-58 (3d Cir. 2018) (some citations omitted). The "party acting in violation of the forum-selection clause . . must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine*, 571 U.S. at 67.

Thus, when a plaintiff brings suit in a forum other than the one agreed to by the parties in a forum selection clause, and the defendant moves to transfer the case to that previously agreed-upon forum pursuant to § 1404(a), plaintiff's choice of forum has no weight and the only factors to be considered are public ones. The plaintiff—as the party flouting its contractual obligation by filing suit outside the chosen forum—must demonstrate why the case should not be transferred. As the Supreme Court has held, "a valid forum-selection clause is given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring).

Here, by contrast, Plaintiff properly filed suit in the forum that was designated by the parties in the forum selection clause. It is the Defendants who are attempting to circumvent the parties' agreement; indeed, they fail to even acknowledge its existence, let alone its potential impact.[7]

In such circumstances, courts have followed the principles of *Atlantic Marine*, as adapted to the situation: the plaintiff's choice of forum *is* given weight (since it is the forum agreed to by the parties in the forum selection clause), the defendant can cite only public factors to justify a

---

[7] Defendants' briefs neither address nor cite to a single decision that analyzes the impact of a forum selection clause.

transfer and only in the most unusual cases will the action be transferred to another forum. *See Energium Health v. Gabali*, 2022 WL 16842660, at *17 n.9 (N.D. Tex. Nov. 9, 2022) ("The *Atlantic Marine* opinion assumes that 'the party defying the forum-selection clause' is a plaintiff who opposes transfer to the contractually-designated forum. 571 U.S. at 63. Yet in the present case, Plaintiff brought suit in the forum designated by the Forum Selection Clauses and seeks to enforce them, opposing Defendants' motion to transfer the case out of the specified forum. Thus, the weight ordinarily given to 'plaintiff's venue privilege' remains intact."); *Doral Bank v. Citibank, N.A.*, 32 F. Supp. 3d 106, 110 (D.P.R. 2014) ("Doral filed the instant action in the forum the parties had agreed to pursuant to the forum-selection clause. Citibank wants to defy the agreed-upon forum and transfer the suit to a different forum without meeting its heavy burden of proof that there are extraordinary circumstances which merit departure from the forum-selection clause."); *Tulepan v. Roberts*, 2014 WL 6808313, at *2 (S.D.N.Y. Dec. 3, 2014) (when plaintiff brought suit in New York pursuant to a forum selection clause, the court held that: "Defendants have not made a clear and convincing showing that the public interest favors the transfer of this action to the Southern District of Florida," even when a factually related suit was pending there.)

"Federal law controls the question of whether to enforce a forum selection clause." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 58 (3d Cir. 2018) (citations omitted). The Court of Appeals has stated that: "Federal law presumes forum selection clauses to be valid." *MacDonald v. CashCall, Inc.*, 883 F.3d 220, 233 n.14 (3d Cir. 2018).

> In *[M/S] Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, the Supreme Court held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10, 92 S. Ct. at 1913. A forum selection clause is "unreasonable" where the defendant can make a "strong showing" *id.* at 15, 92 S. Ct. at 1916, *either* that the forum thus selected is "so

8

> gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court," *id.* at 18, 92 S. Ct. at 1917, *or* that the clause was procured through "fraud or overreaching," *id.* at 15, 92 S. Ct. at 1916.

*Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991). "To rise to the level of unreasonableness, the objecting party must show more than 'mere inconvenience or additional expense.'" *Polytek Dev. Corp. v. 'Doc' Johnson Enters.*, 532 F. Supp. 3d 243, 248 (E.D. Pa. 2021) (citation omitted).

The Asset Purchase Agreement attached to the Complaint includes a forum selection clause. As previously noted, Defendants do not acknowledge its existence, let alone argue that it is invalid or otherwise inapplicable here. Rather, they merely contend that it would be more convenient to Defendants and their witnesses to litigate this action in Colorado. This argument falls far short of a "strong showing" that enforcement of the forum selection clause would be "so gravely difficult and inconvenient" that Defendants would for all practical purposes be deprived of their day in court. Thus, Defendants have not demonstrated that the forum selection clause to which they agreed is invalid and unenforceable in this case.

Moreover, the forum selection clause not only provides that claims seeking to enforce provisions of the Purchase Agreement must be brought "solely and exclusively" in this District (or in Allegheny County) but precludes any party from contending that venue in this District is improper or requesting that the case be transferred to another court. Again, Defendants do not address or explain why they are not bound by this provision.

Thus, the only basis for transferring this case to another district would be if Defendants met their "heavy burden" of demonstrating that the public factors weigh overwhelmingly in favor of a transfer and also demonstrated the existence of "the most unusual circumstances." As discussed below, they have not done so.

3. Public Factors

Public-interest factors "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atlantic Marine*, 571 U.S. at 63 n.6 (citation omitted).[8] Convenience to parties and witnesses "are not public interests, but private ones." *In re: Howmedica Osteonics Corp.,* 867 F.3d 390, 406 (3d Cir. 2017).

The only public factor cited by Defendants is their bald assertion that "trying a matter as against Colorado entities and persons in the state of Colorado reduces court congestion." (ECF No. 14 at 3.) This factor is properly defined as "an appreciable difference in docket congestion between the two districts." *Jumara*, 55 F.3d at 883. Notably, Defendants have not even argued, much less demonstrated, that there is such a difference between the docket congestion in this District and the District of Colorado.

Defendants have relied almost exclusively on private factors concerning the convenience to them, their witnesses and the evidence. Thus, they have provided no basis—let alone met their heavy burden of demonstrating the existence of a "most unusual case"—that would support transferring this action to the District of Colorado.

For all of these reasons, the motion to transfer this case to the District of Colorado will be denied.

The Court turns to Plaintiff's request for additional relief.

---

[8] The Complaint asserts claims under Pennsylvania law and the Purchase Agreement selects Pennsylvania law as governing any disputes. (Compl. Ex. A § 7.4.) This factor counsels *against* transfer to another district, which would be less familiar with Pennsylvania law.

4. <u>Reasonable Attorney's Fees and Costs</u>

Plaintiff requests reasonable attorney's fees and costs for having to respond to Defendants' motion. Defendants respond that a mere disagreement with the merits of a motion does not entitle the opposing party to attorney's fees and costs.

This case, however, does not present a mere disagreement regarding the merits of Defendants' motion. Rather, Plaintiff argues that Defendants failed to meet and confer prior to filing the motion, failed to withdraw the motion despite being alerted to the mandatory forum selection clause and pursued "a motion that is legally unreasonable and without factual foundation." (ECF No. 18 at 6.) In addition, the Court notes that Defendants failed to address the impact of the forum selection clause on their motion despite prior notice of its existence.

> Rule 11 provides that:
>
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b). Rule 11 also provides, however, that: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Plaintiff's request for sanctions, which is included in its response to Defendants' motion, is not made in a separate motion and therefore cannot be considered at this time. If Plaintiff wishes to pursue sanctions in this case, it must comply with the requirements of Rule 11.

11

Therefore, the request for sanctions is denied without prejudice.

For these reasons, Defendants' Motion to Dismiss and/or Transfer Case Under Principles of Forum Non Conveniens filed by Defendants (ECF No. 14) will be denied. Plaintiff's request for reasonable attorney's fees and costs will be denied without prejudice.

An appropriate order follows.


Dated: September 30, 2024         /s/Patricia L. Dodge
                                  PATRICIA L. DODGE
                                  United States Magistrate Judge